# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-09857 PA (AFMx) | Date | November 18, 2019 |
| Title | Josamin Garcia-Bossi v. Daniel Lewys Hovenden, et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

None  None

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant the Church of Jesus Christ of Latter-Day Saints (the "Church"). (Docket No. 1.) According to the Church, Defendant Daniel Lewys Hovenden ("Hovenden") has consented to the Notice. (Id. ¶ 4.) The Notice of Removal alleges this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Here, the Notice of Removal states, "Plaintiff alleges that she is a resident of the city of Valencia in Los Angeles County, state of California." (Docket No. 1 at ¶ 8; see also Docket No. 1-2 ("Complaint") ¶ 1 (Plaintiff is "an individual residing within the City of Valencia, County of Los Angeles, State of California.").) The Notice of Removal further states "Hovenden is an individual residing in the city of Burlington, state of Washington." (Id. ¶ 9; see also Complaint ¶ 2 ("Plaintiff is informed and believes . . . Hovendent [is] an individual residing within the City of Burlington, State of Washington.").) But residence is not necessarily the same as domicile. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Thus, the Church has not adequately alleged Plaintiff's citizenship or Hovenden's citizenship. Id. at 857 ("Absent

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-09857 PA (AFMx) | Date | November 18, 2019 |
|---|---|---|---|
| Title | Josamin Garcia-Bossi v. Daniel Lewys Hovenden, et al. | | |

unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

      For these reasons, the Court concludes that the Church has not met the burden of showing this Court has subject matter jurisdiction over Plaintiff's claims. This action is therefore remanded to the Los Angeles County Superior Court, Case No. 19STCV34226, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.